**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 6:09-CR-18-RWS** |
| **vs.** | § | |
| | § | |
| | § | |
| **KEVIN WADE BROWN (2)** | § | |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On July 11, 2024, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Lucas Machicek. Defendant was represented by Jeff Wood.

*Background*

After pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute and Distribution of More Than 500 Grams of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, a Class A felony, Defendant Kevin Wade Brown was sentenced on November 4, 2009 by United States District Leonard Davis. The offense carried a statutory maximum imprisonment term of life imprisonment. The guideline imprisonment range, based on a total offense level of 34 and a criminal history category of VI, was 262 to 327 months. In response to a Rule 5K1.1 motion from the Government, the Court departed from the advisory guideline range and sentenced Defendant to imprisonment for 131 months followed by a 10-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include substance abuse testing and treatment.

Defendant completed his term of imprisonment and started his term of supervised release on September 22, 2017.  The case was reassigned to United States District Judge Robert W. Schroeder, III, on September 6, 2018.

### *Allegations*

In the First Amended Petition seeking to revoke Defendant's supervised release, filed on June 9, 2024, United States Probation Officer Alan Elmore alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition): The defendant shall not commit another federal, state, or local crime.**  It is alleged that Defendant was arrested in Smith County, Texas, on July 7, 2022, for the offense of Manufacture and Delivery of a Controlled Substance Penalty Group 1-1B less than 400 grams, a first-degree felony. It is also alleged that Defendant was arrested in Van Zandt County, Texas, on September 14, 2022, for the offense of Manufacture and Delivery of a Controlled Substance Penalty Group 1, 400 grams or more, a first-degree felony.  Finally, it is alleged that Defendant was indicted by the federal grand jury on February 15, 2023, in the Eastern District of Texas, Case No. 6:23-cr-25, for the offense of Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine (Count 1) and Possession with Intent to Distribute and Distribution of Methamphetamine and Aiding and Abetting (Counts 5, 7, and 8).  Defendant pled guilty to County 7 on June 8, 2023. On July 3, 2024, the Court sentenced Defendant to imprisonment for a term of 120 months followed by a 5-year term of supervised release.

2. **Allegation 2 (standard condition 7)**: **The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician**. It is alleged that Defendant submitted urine specimens that tested positive for marijuana and methamphetamine on July 29, 2021 and September 28, 2022.

3. **Allegation 3 (special condition): The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.**  It is alleged that Defendant failed to report for drug testing on September 28, 2022; October 3, 2022; October 12, 2022; and October 18, 2022.

4. **Allegation 4 (standard condition 9): The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.**

It is alleged that Defendant engaged in criminal activity with at least one individual beginning on or around February 2020 and continuing until at least February 15, 2023, as evidenced by the federal indictment and Defendant's plea of guilty.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class A felony. Accordingly, the maximum imprisonment sentence that may be imposed is 5 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the two first-degree felony offenses of Manufacture and Delivery of a Controlled Substance or the offense of Possession with Intent to Distribute and Distribution of Methamphetamine as alleged in the petition, he is guilty of a Grade A violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was VI. The guidelines provide that Defendant's guideline range for a Grade A violation is imprisonment for 51 to 63 months, capped by the statutory maximum of 5 years. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine as

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

alleged in the petition, he is guilty of a Grade B violation.  U.S.S.G. § 7B1.1(a).  With Defendant's original criminal history category of VI, the guidelines provide that Defendant's guideline range for a Grade B violation is imprisonment for 21 to 27 months.  If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing marijuana, using methamphetamine, failing to report for drug testing or engaging in criminal activity with another individual as alleged in the petition, he is guilty of a Grade C violation.  U.S.S.G. § 7B1.1(a).  With Defendant's original criminal history category of VI, the guidelines provide that Defendant's guideline range for a Grade C violation is imprisonment for 8 to 14 months.  The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense.  U.S.S.G. § 7B1.1(b).

### *Hearing*

On July 11, 2024, Defendant appeared for a final revocation hearing.  Assistant United States Attorney Lucas Machicek announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 3 in the petition and to jointly request a sentence of 12 months and 1 day of imprisonment, to run consecutive to the sentence imposed in Criminal Action No. 6:23-CR-25, with no further supervised release.  After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 3 in the petition.  Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Texarkana or FCI Seagoville.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made.  I accept Defendant's plea and find by a preponderance of

the evidence that Allegation 3 in the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 12 months and 1 day of imprisonment, to run consecutive to the sentence imposed in Criminal Action No. 6:23-CR-25, with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 3 in the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 12 months and 1 day of imprisonment, to run consecutive to the sentence imposed in Criminal Action No. 6:23-CR-25, with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Texarkana or FCI Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 12 months

and 1 day of imprisonment, to run consecutive to the sentence imposed in Criminal Action No. 6:23-CR-25, with no further supervised release.

So ORDERED and SIGNED this 11th day of July, 2024.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE